1
2
3
4
5
6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TARA P.,<br><br>                              Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>                              Defendant. | NO. 2:20-CV-0415-TOR<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND GRANTING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 13, 14). The Court has reviewed the administrative record and the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's motion.

## JURISDICTION

The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

1

**STANDARD OF REVIEW**

2          A district court's review of a final decision of the Commissioner of Social

3   Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

4   limited: the Commissioner's decision will be disturbed "only if it is not supported

5   by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

6   1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence"

7   means relevant evidence that "a reasonable mind might accept as adequate to

8   support a conclusion." *Id.* at 1159 (quotation and citation omitted).  Stated

9   differently, substantial evidence equates to "more than a mere scintilla[,] but less

10  than a preponderance." *Id.* (quotation and citation omitted).  In determining

11  whether this standard has been satisfied, a reviewing court must consider the entire

12  record as a whole rather than searching for supporting evidence in isolation. *Id.*

13          In reviewing a denial of benefits, a district court may not substitute its

14  judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

15  1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

16  rational interpretation, [the court] must uphold the ALJ's findings if they are

17  supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674

18  F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

19  ALJ's decision on account of an error that is harmless." *Id.*  An error is harmless

20  "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 2

1    *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's

2    decision generally bears the burden of establishing that it was harmed.  *Shinseki v.*

3    *Sanders*, 556 U.S. 396, 409–10 (2009).

4                        **FIVE STEP SEQUENTIAL EVALUATION PROCESS**

5        A claimant must satisfy two conditions to be considered "disabled" within

6    the meaning of the Social Security Act.  First, the claimant must be unable "to

7    engage in any substantial gainful activity by reason of any medically determinable

8    physical or mental impairment which can be expected to result in death or which

9    has lasted or can be expected to last for a continuous period of not less than 12

10   months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

11   impairment must be "of such severity that [he or she] is not only unable to do [his

12   or her] previous work[,] but cannot, considering [his or her] age, education, and

13   work experience, engage in any other kind of substantial gainful work which exists

14   in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

15       The Commissioner has established a five-step sequential analysis to

16   determine whether a claimant satisfies the above criteria.  *See* 20 §§

17   404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).  At step one, the Commissioner

18   considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

19   416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 3

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity, defined generally as the claimant's ability to perform physical and mental work activities

1  on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1),

2  416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

3      At step four, the Commissioner considers whether, in view of the claimant's

4  RFC, the claimant is capable of performing work that he or she has performed in

5  the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv),

6  416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the

7  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

8  404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the

9  analysis proceeds to step five.

10     At step five, the Commissioner considers whether, in view of the claimant's

11 RFC, the claimant is capable of performing other work in the national economy.

12 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination,

13 the Commissioner must also consider vocational factors such as the claimant's age,

14 education and work experience.  *Id.*  If the claimant is capable of adjusting to other

15 work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

16 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

17 work, the analysis concludes with a finding that the claimant is disabled and is

18 therefore entitled to benefits.  *Id.*

19     The claimant bears the burden of proof at steps one through four above.

20 *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 5

step five, the burden shifts to the Commissioner to establish that (1) the claimant is

capable of performing other work; and (2) such work "exists in significant

numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2);

*Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On March 6, 2018, Plaintiff filed an application for Title II disability

insurance benefits and Title XVI supplemental security income benefits, alleging

an onset date of May 3, 2014.  Tr. 21.  The application was initially denied and

denied again on reconsideration.  *Id.*  Plaintiff appeared at a hearing before an

administrative law judge, Judge Payne, on August 2, 2019.  *Id.*  Following Judge

Payne's retirement, a supplemental hearing was held on January 28, 2020 before a

replacement administrative law judge, Judge Palachuck (hereafter, the "ALJ").  Tr.

21, 141.  At the supplemental hearing, Plaintiff amended the alleged onset date to

January 6, 2017.  Tr. 21, 110.  The ALJ denied Plaintiff's claim on February 14,

2020.  Tr. 35.

As a threshold matter, the ALJ found Plaintiff would meet the insured status

requirements of the Social Security Act through December 31, 2019.  Tr. 24.  At

step one of the sequential evaluation analysis, the ALJ found Plaintiff had not

engaged in substantial gainful activity after January 6, 2017, the amended alleged

onset date.  *Id.*  At step two, the ALJ found Plaintiff had the following severe

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 6

impairments: idiopathic intracranial hypertension (a.k.a. pseudotumor cerebri), episodic migraines, nocturnal hypoxemia, obesity, episodic mild asthma, depression, and ADHD.  Tr. 25.  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  *Id*.  The ALJ then found Plaintiff had a residual functional capacity to perform light work with the following limitations:

> [Plaintiff] can never climb ladders, ropes, or scaffolds; occasionally crawl; and frequently perform all other posturals. She would need to avoid concentrated exposure to extreme heat, respiratory irritants, hazards, bright lights, noxious fumes, and loud noises. From a psychological perspective, the claimant is capable of understanding, remembering and carrying out simple, routine repetitive tasks; and she can maintain concentration, persistence, and pace on those tasks.

Tr. 26.

At step four, the ALJ found Plaintiff was not capable of performing past relevant work as a home attendant.  Tr. 33.  However, the ALJ made an alternative finding at step-five after considering Plaintiff's age, education, work experience, RFC, and testimony from a vocational expert, concluding there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, including a production assembler with approximately 196,300 jobs nationally, an agriculture sorter with approximately 13,000 jobs nationally, and an electronics assembler with approximately 22,800 jobs nationally.  Tr. 35.  The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

Act, from May 3, 2014, the original alleged onset date, through February 14, 2020, the date of the ALJ's decision. *Id.*

Plaintiff again seeks judicial review of the Commissioner's final decision. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210.

## ISSUES

1. Whether the ALJ properly evaluated the severity of Plaintiff's impairments;

2. Whether the ALJ properly evaluated Plaintiff's impairments under the enumerated listings;

3. Whether the ALJ properly evaluated Plaintiff's subjective symptom testimony;

4. Whether the ALJ properly evaluated the medical opinion evidence;

5. Whether the ALJ conducted an adequate analysis in determining that Plaintiff could perform other jobs in the national economy.

ECF No. 13 at 7.

## DISCUSSION

### A.    Severity of Plaintiff's Impairments

Plaintiff contends the ALJ erred in failing to identify Plaintiff's chronic fatigue as a severe impairment. ECF No. 13 at 16. At step two of the sequential process, the ALJ must determine whether a claimant suffers from a "severe" impairment, i.e., one that significantly limits her physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). To show a severe

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

impairment, the claimant must first prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. §§ 404.1521, 416.921.

An impairment may be found non-severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . ." Social Security Ruling (SSR) 85-28, 1985 WL 56856, at *3. Similarly, an impairment is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities, which include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1522, 416.922; *see also* SSR 85-28.

Step two is "a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted). "Thus, applying our normal standard of review to the requirements of step two, [the Court] must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1    severe impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d

2    683, 687 (9th Cir. 2005).

3         Plaintiff argues her "most debilitating symptoms . . . stem from chronic

4    fatigue," which the ALJ did not recognized as a severe impairment.  ECF No. 13 at

5    16.  To support her argument, Plaintiff relies on physical therapy treatment notes,

6    the fact that she has a DSHS caregiver, and assessments conducted by Dr.

7    Hammerstrom.  *Id*. at 16–17.  Despite Plaintiff's allegation to the contrary, the ALJ

8    directly assessed Plaintiff's chronic fatigue and accounted for the condition in

9    Plaintiff's residual functional capacity.  Specifically, the ALJ noted the objective

10   medical evidence showed only minimal physical examination abnormalities.  Tr.

11   29; *see, e.g.*, Tr. 559, 657.  Moreover, Plaintiff demonstrated improved strength

12   and activity tolerance after undergoing physical therapy.  Tr. 28.  Regarding

13   Plaintiff's reported dependence upon her DSHS caregiver, the ALJ found

14   Plaintiff's claims inconsistent with her own reports of volunteer work, attendance

15   at bible study, and trips to the grocery store, which all suggested greater physical

16   functioning that what was alleged.  Tr. 29.

17        Finally, the ALJ dismissed Dr. Hammerstrom's opinion regarding Plaintiff's

18   physical limitations because the opinion was based on Plaintiff's subjective report

19   of fatigue and was generally inconsistent with the totality of Plaintiff's medical

20   records.  Tr. 31.  Specifically, the ALJ noted Dr. Hammerstrom's assessment from

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 10

2018 indicated greater limitations than a similar assessment from 2019.  *Compare* Tr. 901 *with* Tr. 1245.  Additionally, Dr. Hammerstrom indicated his 2018 opinion was not based on any medical findings but Plaintiff's own subjective reports.  *See* Tr. 903.

Plaintiff has failed to identify any additional objective medical evidence that demonstrates her fatigue was sufficiently severe to limit her ability to work.  The Court finds the ALJ's dismissal of Plaintiff's alleged chronic fatigue reasonable and supported by substantial evidence.  Even if the ALJ erred in dismissing this particular limitation, the error was harmless because step two of the analysis was resolved in Plaintiff's favor and the ALJ accounted for Plaintiff's physical limitations when considering her residual functional capacity.  *See* Tr. 26 (finding Plaintiff capable of performing only light work).  *Burch*, 400 F.3d at 682–83 (9th Cir. 2005); *see also Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

**B.    Plaintiff's Impairments Under the Listings**

Plaintiff argues the ALJ erred at step three by failing to consider Plaintiff's alleged migraine headaches under Listing 11.02B and SSR 19-4p.  ECF No. 13 at 18.  At step three, the ALJ first determines whether a claimant's impairment meets or equals an impairment in the Listing of Impairments (the "Listings").  *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  The Listings describe specific impairments that are recognized as severe enough to prevent a person from

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

engaging in substantial gainful activities.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1.
Each impairment is described using characteristics established through "symptoms,
signs and laboratory findings."  *Tackett*, 180 F.3d at 1099.

To *meet* an impairment, a claimant must establish she meets each of the
characteristics of the listed impairment.  *Id.*  To *equal* an impairment, a claimant
must establish symptoms, signs, and laboratory findings "at least equal in severity
and duration" to the characteristics of the listed impairment, or, if a claimant's
impairment is not listed, to the impairment "most like" the claimant's own.  *Id.*  If
a claimant meets or equals one of the listed impairments, the claimant will be
considered disabled without further inquiry.  *See* 20 C.F.R. §§ 404.1520(d),
416.920(d).

Plaintiff argues the ALJ failed to properly assess her migraines under Listing
11.02B.  ECF No. 13 at 18.  Listing 11.02 covers epilepsy, which is recognized by
the Social Security Administration as the most analogous impairment to headache
disorders, such as migraines.  SSR 19-4p, 2019 WL 4169635, at *7.  Paragraph B
of Listing 11.02 requires documentation with a detailed description of a typical
seizure (or equivalent for migraines), occurring at least once a week for at least
three consecutive months despite adherence to prescribed treatment.  20 C.F.R. Pt.
404, Subpt. P, App.1 § 11.02B.  The policy interpretation regarding Listing 11.02B
includes additional factors an ALJ may consider when evaluating a claimant's

migraines, such as: whether there are detailed descriptions from an acceptable medical source of the headache event (for example, premonitory symptoms, aura, duration, intensity, and accompanying symptoms); the frequency of the headaches; adherence to prescribed treatment and any side effects (for example, drowsiness, confusion, or inattention caused by the medication); and whether the claimant experiences any limitations in functioning (for example, the need for a dark and quiet room, having to lie still, sleep disturbances, or other related limitations).  SSR 19-4p, 2019 WL 4169635, at *7.

The considerations under Listing 11.02D are the same as 11.02B, but also include whether the overall effects of the headache disorder result in limitations to: physical functioning; understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing oneself.  *Id*.

Here, the ALJ did not explicitly discuss Plaintiff's migraines at step three but nonetheless concluded the medical evidence did not document any listing-level severity nor did the medical evidence identify any findings that would equal the criteria for a listed impairment. Tr. 25.  In reaching this conclusion, the ALJ specifically considered Plaintiff's conditions under Listings 11.02B and 3.03.  *Id*.  While boilerplate findings are generally insufficient, an ALJ that makes a finding elsewhere in her decision that would preclude a claimant from establishing step

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

1   three does not err.  *Lewis v. Apfel*, 236 F.3d 503, 512-13 (9th Cir. 2001) (citation

2   omitted).  Here, the ALJ addressed Plaintiff's migraines when considering

3   Plaintiff's RFC at step four.  Tr. 27–28.  The ALJ ultimately concluded the medical

4   records did not reflect the level of impairment alleged by Plaintiff, thus, precluding

5   Plaintiff from establishing that the severity of her migraines met or equaled Listing

6   11.02.  Tr. 27.

7         Plaintiff cites to the neurological evaluations conducted by Dr. Ramey and

8   her own hearing testimony to support her argument that her migraines meet or

9   equal Listing 11.02.  ECF Nos. 13 at 18–19; 15 at 9–10.  The ALJ acknowledged

10  Dr. Ramey's diagnoses of chronic migraines but concluded Dr. Ramey's findings

11  were unpersuasive because his opinion was based exclusively on Plaintiff's own

12  symptom reports and because the remaining objective medical findings were

13  unremarkable.  Tr. 29, 31.  Plaintiff's own interpretation of the record cannot

14  overturn the ALJ's conclusions.  "Where evidence is susceptible to more than one

15  rational interpretation, it is the ALJ's conclusion that must be upheld."  *Burch*, 400

16  F.3d at 679 (citation omitted).

17        Plaintiff has failed to prove the ALJ erred when evaluating her migraines

18  under Listing 11.02.  Moreover, the ALJ accounted for Plaintiff's migraines at step

19  four when assessing Plaintiff's RFC, concluding the alleged severity of the

20  impairment was not supported by the medical record.  The Court finds the ALJ's

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 14

1    reasoning for rejecting equivalence under Listing 11.02 is reasonable and

2    supported by substantial evidence.

3        **C.    Plaintiff's Subjective Symptom Testimony**

4           Plaintiff alleges the ALJ erred in rejecting her subjective symptom testimony

5    regarding her migraine headaches.  ECF No. 13 at 19.  An ALJ engages in a two-

6    step analysis to determine whether a claimant's subjective symptom testimony can

7    be reasonably accepted as consistent with the objective medical and other evidence

8    in the claimant's record.  SSR 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ

9    must determine whether there is 'objective medical evidence of an underlying

10    impairment which could reasonably be expected to produce the pain or other

11    symptoms alleged.'"  *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572

12    F.3d 586, 591 (9th Cir. 2009)).  "The claimant is not required to show that her

13    impairment 'could reasonably be expected to cause the severity of the symptom

14    she has alleged; she need only show that it could reasonably have caused some

15    degree of the symptom.'"  *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v.*

16    *Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)).

17           Second, "[i]f the claimant meets the first test and there is no evidence of

18    malingering, the ALJ can only reject the claimant's testimony about the severity of

19    the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

20    rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 15

1  omitted).  General findings are insufficient; rather, the ALJ must identify what

2  symptom claims are being discounted and what evidence undermines these claims.

3  *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v.*

4  *Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

5  explain why he or she discounted claimant's symptom claims).  "The clear and

6  convincing [evidence] standard is the most demanding required in Social Security

7  cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v.*

8  *Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

9      The ALJ is instructed to "consider all of the evidence in an individual's

10  record," "to determine how symptoms limit ability to perform work-related

11  activities."  SSR 16-3p, 2016 WL 1119029, at *2.  When evaluating the intensity,

12  persistence, and limiting effects of a claimant's symptoms, the following factors

13  should be considered: (1) daily activities; (2) the location, duration, frequency, and

14  intensity of pain or other symptoms; (3) factors that precipitate and aggravate the

15  symptoms; (4) the type, dosage, effectiveness, and side effects of any medication

16  an individual takes or has taken to alleviate pain or other symptoms; (5) treatment,

17  other than medication, an individual receives or has received for relief of pain or

18  other symptoms; (6) any measures other than treatment an individual uses or has

19  used to relieve pain or other symptoms; and (7) any other factors concerning an

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 16

1  individual's functional limitations and restrictions due to pain or other symptoms.

2  *Id*. at *7–8; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

3      Here, the ALJ found Plaintiff's impairments could reasonably be expected to

4  cause the alleged symptoms; however, Plaintiff's statements concerning the

5  intensity, persistence, and limiting effects of those symptoms were not entirely

6  consistent with the evidence.  Tr. 27.  While Plaintiff only challenges the ALJ's

7  findings with regard to frequency and severity (ECF No. 13 at 20), the ALJ

8  considered several of the factors described above, including frequency and

9  intensity, to support her conclusion.

10      To illustrate, Plaintiff testified that she is almost completely dependent upon

11  a DSHS caregiver for daily activities; however, the ALJ found that Plaintiff

12  reported engaging in numerous daily activities on her own.  Tr. 29.  For example,

13  Plaintiff reported she is able to make salads, soups, sandwiches, and quick meals.

14  Tr. 459.  She is able to clean, do laundry, and make her bed.  *Id*.  She is also able

15  to leave her house on her own to go grocery shopping, clothing and shoe shopping,

16  and to attend church and bible study.  Tr. 460–61.  Plaintiff reported volunteering

17  at a women's crisis shelter and at Recovery Café three times per week.  Tr. 1158,

18  1112.  Finally, Plaintiff alleged she could not shower daily, but reported to care

19  providers that she bathed regularly, brushed her teeth, combed her hair, and

20  changed her clothes as needed.  Tr. 575.  The ALJ concluded Plaintiff's ability to

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 17

engage in daily activities indicated greater physical functioning than Plaintiff

claimed to retain.  Tr. 29.  While the Ninth Circuit has cautioned against reliance

on "certain daily activities, such as grocery shopping, driving a car, or limited

walking for exercise" to discount a plaintiff's symptom allegations, the ALJ here

considered other factors and found additional reasons for discrediting Plaintiff's

subjective symptom testimony.  *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir.

2001).

Regarding the duration, frequency, and intensity of Plaintiff's alleged

chronic migraines, the ALJ found the longitudinal medical record did not support

Plaintiff's claims.  Tr. 29.  Generally, Plaintiff's neurological examinations

revealed unremarkable findings, including cranial nerves, gait, and station.  Tr.

621.  Despite claiming multiple headaches per week, Plaintiff only attended routine

follow-up visits every six months and reported her headaches decreased with

nocturnal oxygen.  Tr. 28–29.

Relatedly, the dosage and efficacy of the medication used to treat Plaintiff's

migraines was also considered by the ALJ.  Tr. 29.  The record indicates Plaintiff's

migraines were well controlled with medication; it was only when Plaintiff reduced

the medication or did not have access to the medication that her headaches

worsened.  Tr. 27–28.  Plaintiff also reported feeling better with the addition of

supplemental oxygen.  Tr. 28.  "Impairments that can be controlled effectively

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 18

with medication are not disabling." *Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006) (citations omitted).

It is the ALJ's duty to resolve conflicts in the record, and where the ALJ arrives at a rational conclusion that is supported by the record, the ALJ's decision must stand. *Andrews*, 53 F.3d at 1039; *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Plaintiff's reliance on her own testimony and the evaluation of a single medical provider cannot overcome the ALJ's rational interpretation of the record. The ALJ provided clear and convincing reasons supported by substantial evidence in the record to discount Plaintiff's subjective symptom testimony.

### D.    Medical Opinion Evidence

Plaintiff argues the ALJ erred by failing to properly evaluate the medical opinions of Dr. Douglas C. Hammerstrom, MD, and Dr. David Ramey, MD. ECF No. 13 at 9–16. As an initial matter, for claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. 20 C.F.R. §§ 404.1520c, 416.920c; *see also Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). The ALJ applied the new regulations because Plaintiff filed her Title II and XVI claims after March 27, 2017. *See* Tr. 21.

Under the new regulations, the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s)." *Revisions to Rules*, 2017 WL

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

168819, 82 Fed. Reg. 5844-01, 5867–68.  Instead, an ALJ must consider and

evaluate the persuasiveness of all medical opinions or prior administrative medical

findings from medical sources.  20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

The factors for evaluating the persuasiveness of medical opinions and prior

administrative medical findings include supportability, consistency, relationship

with the claimant, specialization, and "other factors that tend to support or

contradict a medical opinion or prior administrative medical finding" including but

not limited to "evidence showing a medical source has familiarity with the other

evidence in the claim or an understanding of our disability program's policies and

evidentiary requirements."  20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).

     The ALJ is required to explain how the most important factors,

supportability and consistency, were considered.  20 C.F.R. §§ 404.1520c(b)(2),

416.920c(b)(2).  These factors are explained as follows:

> (1) *Supportability.*  The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) *Consistency*.  The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 20

1    The ALJ may, but is not required to, explain how "the other most persuasive

2    factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. §§

3    404.1520c(b)(2); 416.920c(b)(2).  However, where two or more medical opinions

4    or prior administrative findings "about the same issue are both equally well-

5    supported . . . and consistent with the record . . . but are not exactly the same," the

6    ALJ is required to explain how "the most persuasive factors" were considered.  20

7    C.F.R. §§ 404.1520c(b)(2) 416.920c(b)(2).

8    The parties dispute whether Ninth Circuit law that predates the new

9    regulations applies.  ECF Nos. 14 at 10; 15 at 1.  The Ninth Circuit currently

10   requires the ALJ to provide "clear and convincing" reasons for rejecting the

11   uncontradicted opinion of either a treating or examining physician.  *Lester v.*

12   *Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  When a treating or examining

13   physician's opinion is contradicted, the Ninth Circuit has held the medical opinion

14   can only "be rejected for specific and legitimate reasons that are supported by

15   substantial evidence in the record."  *Id.* at 830–31 (internal citation omitted).

16   At this time, the Ninth Circuit has not addressed whether these standards still

17   apply when analyzing medical opinions under the new regulations.  For purposes

18   of the present case, the Court finds that resolution of this issue is unnecessary.  *See*

19   *Allen T. v. Saul*, No. EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June

20   29, 2020) ("[T]he Court is mindful that it must defer to the new regulations, even

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 21

where they conflict with prior judicial precedent, unless the prior judicial

construction 'follows from unambiguous terms of the statute and thus leaves no

room for agency discretion.'") (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X*

*Internet Services*, 545 U.S. 967, 981–82 (2005)).

### 1.    Dr. Douglas C. Hammerstrom, MD

Plaintiff argues the ALJ improperly discredited Dr. Hammerstrom's opinion

regarding the severity of Plaintiff's alleged chronic fatigue.  ECF No. 13 at 11.

The ALJ found Dr. Hammerstrom's opinions from May 2018 and December 2019

internally inconsistent and inconsistent with the record as a whole.  Tr. 31.  For

example, in May 2018, Dr. Hammerstrom opined that Plaintiff's fatigue would

limit her to sitting only 4 hours and walking only 30–60 minutes in an 8-hour day.

Tr. 901.  However, in December 2019, Dr. Hammerstrom opined that Plaintiff was

able to sit for up to 4 to 6 hours and able to stand and walk for up to 4 hours in an

8-hour day.  Tr. 1245.  Also in the December 2019 report, Dr. Hammerstrom

indicated Plaintiff's reaching abilities, including overhead, were limited to 10% or

less in an 8-hour day, but then indicated in the same report that Plaintiff had no

upper extremity limitations.  Tr. 1246.  Dr. Hammerstrom's opinions were also

inconsistent with the medical record as a whole, which reflected generally

unremarkable findings.  *See, e.g.*, Tr. 841, 915, 1064, 1073, 1184.

Additionally, the ALJ concluded that Dr. Hammerstrom's May 2018 and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 22

December 2019 opinions were not well supported because they were based

primarily on Plaintiff's own subjective reports.  Tr. 31.  Specifically, the ALJ

referred to Dr. Hammerstrom's response to the question regarding the medical

findings used to support his opinion, to which he answered "None, this is

subjective." Tr. 903.  Accordingly, the ALJ concluded Dr. Hammerstrom's

opinions were unpersuasive because they were inconsistent with his own findings

and the record as a whole, and because they were unsupported by any objective

medical findings.  Tr. 31.  The ALJ's finding is consistent with Ninth Circuit law

that a medical opinion may be rejected by the ALJ if it is brief, conclusory, or

inadequately supported.  *Bray v. Comm'r of Soc. Sec. Admin*, 554 F.3d 1219, 1228

(9th Cir. 2009).  The ALJ's conclusion is also supported by substantial evidence.

  2.  *Dr. David Ramey, MD*

  Plaintiff argues the ALJ erred in rejecting the medical opinion of Dr. Ramey.

ECF No. 13 at 12.  The ALJ found Dr. Ramey's assessment of Plaintiff's alleged

migraines unpersuasive because it was unsupported by objective medical evidence

and was inconsistent with Dr. Ramey's own treatment records and the medical

records as a whole.  Tr. 31.  To illustrate, Dr. Ramey completed a Medical Source

Statement regarding Plaintiff's ability to work while experiencing a migraine

headache.  Tr. 1147–48.  Dr. Ramey opined that Plaintiff would not be able to

perform any work while experiencing a migraine headache and that her symptoms

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 23

1    would be severe enough to frequently interfere with her attention and

2    concentration; he did not provide any additional information to support his

3    contention.  Tr. 1148.  In fact, the section of the form that requests an explanation

4    for the basis of the opinion is entirely blank.  *Id*.  Therefore, the ALJ concluded Dr.

5    Ramey's opinion was unsupported by objective medical evidence.  Tr. 31.

6        Relatedly, Dr. Ramey's opinion was inconsistent with his own treatment

7    records, which revealed generally normal brain imaging and unremarkable exam

8    findings.  *See, e.g.*, Tr. 839, 910, 1064, 1184.  Notably, Dr. Ramey's notes also

9    included reports that Plaintiff's headache symptoms improved with medication and

10    supplemental oxygen.  Tr. 1185.  Where the ALJ's interpretation of the record is

11    reasonable, as it is here, it should not be second-guessed.  *Rollins*, 261 F.3d at 857.

12    Likewise, it is the ALJ's responsibility to resolve conflicts in the medical

13    evidence.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  "Where

14    evidence is susceptible to more than one rational interpretation, it is the ALJ's

15    conclusion that must be upheld."  *Burch*, 400 F.3d at 679 (citation omitted).

16    Consequently, it was reasonable for the ALJ to find that Dr. Ramey's opinion was

17    unpersuasive because it was inconsistent and unsupported with other objective

18    medical evidence in the record.  The Court finds the ALJ's finding was supported

19    by substantial evidence.

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 24

1    **E.    Step Five Analysis**

2        Plaintiff alleges the ALJ erred at step five in determining there were other

3    jobs available in the national economy that Plaintiff could perform with her

4    limitations.  ECF No. 13 at 20.  At step four, the ALJ determines whether a

5    claimant can still perform past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv),

6    416.920(a)(4)(iv).  If a claimant cannot perform her past relevant work, at step five

7    the ALJ must show there are a significant number of jobs in the national economy

8    the claimant is able to perform.  *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir.

9    1999); 20 C.F.R. §§ 404.1520(d)–(e), 416.920(d)–(e).  To do so, the ALJ may

10    employ the testimony of a vocational expert.  *Tackett,* 180 F.3d at 1100–

11    01; *Osenbrock v. Apfel,* 240 F.3d 1157, 1162 (9th Cir. 2000).  The ALJ's findings

12    will be upheld if the weight of medical evidence in the record supports the

13    hypothetical posed by the ALJ.  *Martinez v. Heckler,* 807 F.2d 771, 774 (9th Cir.

14    1987); *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. 1984).  The vocational

15    expert's testimony will qualify as substantial evidence if it is reliable.  *Embrey v.*

16    *Bowen,* 849 F.2d 418, 422 (9th Cir. 1988).

17        Here, the ALJ concluded Plaintiff did not retain a residual functional

18    capacity to perform her past relevant work as a home attendant.  Tr. 33.  The

19    finding was based on the testimony of a vocational expert.  Tr. 34.  Thus, the ALJ

20    moved to step five of the analysis to determine whether there were any other jobs

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 25

available in the national economy that Plaintiff could perform. *Id.* After

considering Plaintiff's age, education, work experience, and residual functional

capacity, the ALJ determined there were significant numbers of alternative jobs in

the national economy that Plaintiff could perform. *Id.* Specifically, the ALJ

identified the following jobs: production assembler, with 196,300 jobs available;

agriculture sorter, with 13,000 jobs available; and electronics assembler, with

22,800 jobs available. Tr. 35.

The ALJ arrived at this conclusion based on the following hypothetical: an

individual who is able to engage in light work, frequent postural, occasional

crawling, but never able to climb ladders, ropes, or scaffolds; must avoid

concentrated exposure to extreme heat, respiratory irritants and hazards, bright

lights, noxious fumes and loud noises; limited to simple routine, repetitive tasks;

able to understand, remember, and carry out those tasks; and able to maintain

concentration, persistence, and pace. Tr. 167. Plaintiff argues the hypothetical

should have included additional limitations, particularly unpredictable absences

due to chronic pain from migraines and fatigue, or an inability to stay on task more

than 15% of the time. ECF No. 13 at 21.

Plaintiff's argument is unpersuasive. The ALJ properly dismissed the

alleged severity of Plaintiff's migraines and chronic fatigue because her allegations

were not supported by objective medical evidence and because they were

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 26

inconsistent with relatively benign exam findings. Tr. 26–33. Plaintiff simply

disagrees with the ALJ's interpretation of the record. As previously noted, where

the ALJ's interpretation of the record is reasonable, as it is here, it should not be

second-guessed. *Rollins*, 261 F.3d at 857. The Court finds the ALJ's conclusion

that Plaintiff is able to perform alternative jobs available in the national economy is

supported by substantial evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes

that the ALJ's decision is supported by substantial evidence and free of harmful

legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiffs Motion for Summary Judgment (ECF No. 13) is DENIED.

2.  Defendant's Motion for Summary Judgment (ECF No. 14) is
    GRANTED.

The District Court Executive is directed to enter this Order and Judgment

accordingly, furnish copies to counsel, and close the file.

DATED October 8, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 27